# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

VERONICA JONES-MACLIN,

        **Plaintiff,**

vs.                                        **No.: 2:14-cv-2383-SHM-cgc**

**TIGER COMMISSARY SERVICES
INC., a/k/a TIGER CORRECTIONAL
SERVICES, INC., a/k/a TIGER
COMMISSARY CORRECTIONAL,
TIM PONDER, and DEBBIE HARRISON,**

        **Defendants.**

## REPORT AND RECOMENDATION

Before the Court, by way of Orders of Reference (D.E. # 30 and 36) are the Motion to Dismiss and for Reimbursement of Attorney's Fees and Expenses (D.E. # 28) and Motion to Dismiss (D.E. # 31) filed by Defendants. The Motions seek dismissal pursuant to Fed. R. Civ. P. 37 and 41. Pursuant to Local Rule 7.2, the opposing party shall file a response within fourteen (14) days after service of the motion. Plaintiff has failed to file a response to either of the motions.

Defendants began their efforts to obtain discovery from Plaintiff on September 26, 2014 by propounding interrogatories and requests for production of documents and by emailing Plaintiff's counsel proposing five possible dates for Plaintiff's deposition. *See* Defendants' Motion to Compel (D.E. #24) and Defendants' Motion to Dismiss (D.E. # 28). On November 12, 2014, Defendants' filed a Motion to Compel Plaintiff's responses to the interrogatories and

requests for production of documents. (D.E. # 24). Plaintiff did not respond to the motion and an Order was entered granting the motion and requiring Plaintiff to fully respond to the interrogatories and requests for production of documents within fourteen (14) days of entry of the order. (D.E. # 27) Plaintiff did not respond to the interrogatories and requests for production of documents. *See*, Defendants' Motion to Dismiss (D.E. # 31, ¶ 7). On October 10, 2014, Defendants' counsel noticed Plaintiff's deposition for November 26, 2014[1] after receiving no response from Plaintiff's counsel for a mutually acceptable date. Defendants' motion and exhibits detail communications on six dates between October 13 and November 24 concerning the scheduling of Plaintiff's deposition. Defendants' counsel appeared at Plaintiff's counsel's office on November 26th as had been noticed on October 10th. Plaintiff did not appear.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness,

---

[1] It appears that the parties were both under the erroneous impression that the discovery bar date was December 1, 2014. A review of the Scheduling Order (D.E. # 23) indicates that document production, interrogatories and requests for admissions were due to be completed by December 1, 2014 and that the deadline for completing all discovery was February 27, 2015.

bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case. Plaintiff has failed to cooperate in discovery and has failed to obey the orders of the Court. Plaintiff did not appear for her deposition and did not file a motion to quash the notice of deposition. Defendants have been prejudiced in that it has taken substantial steps to further the case without cooperation from Plaintiff. Without her cooperation in discovery, Defendants will be unable to prepare an effective defense. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff. The Motions to Dismiss and Order Granting Defendants' Motion to Compel made it clear that dismissal the case was under consideration by the Court. Plaintiff had an opportunity to comply with the Order to Compel, participate in discovery and possibly avoid dismissal. Plaintiff has ignored the Court's orders and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Further, Fed. R. Civ. P. 37(b) and (d) authorize sanctions for the failure to comply with a discovery order and for failure to attend a party's own deposition up to and including dismissal of the action and the award of reasonable expenses. It is recommended that dismissal is alternatively appropriate under Rule 37 as Plaintiff was warned that further failure to comply could result in dismissal. Defendants have submitted an affidavit of fees and expenses totaling

$3,629 representing fees and expenses related to Plaintiff's failure to attend her deposition. (D.E. # 28-14 and 28-15). It is recommended that these fees and expenses are reasonable and should be awarded to Defendants unless Plaintiff is able to show that the failure to attend was substantially justified or other circumstances make an award of expenses unjust.

Accordingly, the Court RECOMMENDS that the Motions to Dismiss be GRANTED and Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) or alternatively, pursuant to Fed. R. Civ. P. 37. It is further RECOMMENDED that Defendants be awarded fees and expenses totaling $3,629 representing fees and expenses related to Plaintiff's failure to attend her deposition unless Plaintiff is able to show that the failure to attend was substantially justified or other circumstances make an award of expenses unjust

Signed this 13th day of January, 2015.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**