```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| VERONICA JONES-MACLIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 14-2383 |
| | ) |
| TIGER COMMISSARY SERVICES | ) |
| INC., a/k/a TIGER CORRECTIONAL | ) |
| SERVICES, INC., a/k/a TIGER | ) |
| COMMISSARY CORRECTIONAL, TIM | ) |
| PONDER, and DEBBIE HARRISON. | ) |
| | ) |
|     Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's January 13, 2015 Report and Recommendation (the "Report") recommending that the case be dismissed with prejudice under Federal Rule of Civil Procedure 41. (Report, ECF No. 38.) No objection has been filed to the Report and the time to do so has passed. For the following reasons, the Report is ADOPTED and the case is DISMISSED WITH PREJUDICE.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v.

Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds that Plaintiff Veronica Jones-Maclin ("Plaintiff") has failed to prosecute her case. (Report at 2-3.) She recommends that the Court dismiss the case under Federal Rule of Civil Procedure 41(b). (Id.) She also recommends that Defendants Tiger Commissary Services Inc., a/k/a Tiger Correctional Services, Inc., ak/a Tiger Commissary Correctional, Tim Ponder, and Debbie Harrison (collectively, "Defendants") be awarded fees and expenses related to Plaintiff's failure to attend her deposition, which total $3,629, unless Plaintiff can show that the failure to attend was substantially justified or other circumstances make an award of expenses unjust.

2

The Report states that any objections must be filed within 14 days after service of the Report, and that failure to file objections or exceptions within 14 days may constitute waiver of objections, exceptions, and any further appeal. (Id. at 4 (citing 28 U.S.C. § 636(b)(1)(C)).)

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. Arn, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED WITH PREJUDICE. Because Plaintiff has failed to show that her failure to attend her deposition was substantially justified or other circumstances make an award of expenses unjust, Defendants are AWARDED $3,629 in fees and expenses.

So ordered this 3rd day of February, 2015.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE